**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | | |
|---|---|---|
| **MARIROSE BRASE ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 4:15-CV-00065** |
| | ) | |
| **DRUCKER & FALK, LLC** | ) | |
| | ) | |
| **Serve: E. D. David, Esquire** | ) | |
| **Registered Agent** | ) | |
| **David, Kamp & Frank** | ) | |
| **739 Thimble Shoals Boulevard** | ) | |
| **Suite 105** | ) | |
| **Newport News, VA 23219** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DRUCKER & FALK, INC.** | ) | |
| | ) | |
| **Serve: E. D. David, Esquire** | ) | |
| **Registered Agent** | ) | |
| **David, Kamp & Frank** | ) | |
| **739 Thimble Shoals Boulevard** | ) | |
| **Suite 105** | ) | |
| **Newport News, VA 23219** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**AMENDED COMPLAINT**

COMES NOW the Plaintiff, Marirose Brase ("Plaintiff" or "Ms. Brase"), by counsel, and for her Complaint against Drucker & Falk, LLC ("D&F, LLC" or "Defendant") and Drucker & Falk, Inc. ("D&F, Inc." or "Defendant") states as follows:

## NATURE OF THE ACTION

1. Marirose Brase brings this action for legal and equitable relief to redress injuries done to her by Defendants by their unlawful, discriminatory and retaliatory employment practices during the course of and in the termination of her employment, and to make whole and compensate her for Defendants' violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA") and the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117. The demand for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 12117(a).

4. Plaintiff has exhausted required administrative procedures for the filing of this ADA action. Plaintiff filed a timely charge of disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue on June 26, 2015. Suit has been brought within 90 days of Plaintiff's receipt of the Notice of Right to Sue consistent with the ADA.

## PARTIES TO THIS ACTION

5. Ms. Brase at all relevant times was and is a citizen of Virginia and a resident of Hampton, Virginia. She was denied equal employment opportunities and otherwise was discriminated against because of disability and/or because of the need to accommodate her

disability. In addition, Ms. Brase's rights under the FMLA arising from her serious health conditions were violated by Defendants, and Defendants retaliated against the Plaintiff in violation of the ADA and/or the FMLA. Plaintiff at all times pertinent to the matters alleged herein was an "eligible" employee within the meaning of the FMLA and was a qualified individual with a disability pursuant to the provisions of the ADA.

6. D&F, LLC is and at all relevant times was a corporation organized and existing under the laws of Virginia with offices located in Newport News, Virginia. At all times pertinent hereto, D&F, LLC was, is and has been an employer engaged in an industry affecting commerce with more than five hundred employees for each working day in each of twenty or more calendar weeks in each relevant calendar year, is an "employer" within the meaning of 29 U.S.C. § 2611(4) and a covered entity within the meaning of the ADA and is subject to the provisions of the FMLA and the ADA.

7. D&F, Inc. is and at all relevant times was a corporation organized and existing under the laws of Virginia with offices located in Newport News, Virginia. At all times pertinent hereto, D&F, Inc. was, is and has been an employer engaged in an industry affecting commerce with more than five hundred employees for each working day in each of twenty or more calendar weeks in each relevant calendar year, is an "employer" within the meaning of 29 U.S.C. § 2611(4) and a covered entity within the meaning of the ADA and is subject to the provisions of the FMLA and the ADA.

**FACTUAL ALLEGATIONS**

8. Ms. Brase worked as an Account Clerk for Defendants for close to six years.

9. Sharon Stover, who is Controller for Defendants, was Ms. Brase's supervisor.

10. Ms. Brase suffers from high blood pressure, heart palpitations, recurring chest pain, and abnormally rapid pulse. Her rapid pulse problem has not been controlled despite increases in beta blocker medication and other medical interventions.

11. Ms. Brase also suffers from severe arm pain. Her neck was fused in an attempt to cure the pain, but the pain returned after the surgery. She consulted a neurologist and pain management provider to no avail. She had a neurostimulator implanted to help alleviate the arm pain, but the battery, which was supposed to last 10 years, failed fewer than three years after the implant.

12. The medical conditions described above, individually and in combination, substantially limit Ms. Brase's major life activities such as sleeping and lifting. They also affect her circulatory function.

13. On April 2, 2013, Ms. Brase worked for six hours with debilitating chest pain. The pain became so bad that she went to the emergency room where physicians discovered a 4 centimeter ascending aortic aneurism.

14. Ms. Brase's supervisor, Ms. Stover, was aware Ms. Brase had gone to the hospital and was aware of the aneurism diagnosis.

15. Ms. Brase's medical condition required that she schedule intermittent doctor appointments.

16. Ms. Brase informed her supervisor, Ms. Stover, of the medical appointments and requested time off to attend them.

17. The time Ms. Brase requested to attend medical appointments was of minimal duration.

18. Ms. Stover reacted with displeasure over Ms. Brase's need to take time off for medical appointments, and continued to display that displeasure during the rest of Ms. Brase's employment with Defendants.

19. Ms. Stover demanded that Ms. Brase provide a "Dr.'s note for each event where sick leave is being requested/recorded."

20. Ms. Stover's demand was counter to the "Sick Leave Procedures" as described in Defendants' Employee Manual which stated, "The company <u>may</u> require a signed physician's statement whenever an employee is absent due to personal illness for <u>two days or longer</u>." (Emphasis added.)

21. In May of 2013, Ms. Brase had questions regarding tax payments related to a property in the western part of Virginia. She sent out a request for clarification. Ms. Stover was among those who received a copy of Ms. Brase's request for clarification.

22. Ms. Stover asked to see paperwork related to the transaction, the property transaction list, but never responded to Ms. Brase's request for clarification.

23. Ms. Stover's request to see the property transaction list was unusual and not in accordance with office protocol.

24. The property transaction list showed that tax payment for the property in question was to be made at the time of closing.

25. On June 28, 2013, Ms. Brase discovered that the tax payment had not been made at closing, nor had it been made from escrow.

26. Ms. Brase immediately reported to J. Guy Buck, Chief Financial Officer of Defendants, that there was a problem with the tax payment on the property in question.

27. Ms. Brase had been reminded near daily of Ms. Stover's displeasure over her medical issues and related appointments, believed Ms. Stover wanted to fire her because of the medical issues and related appointments, and Ms. Brase told a coworker she feared Ms. Stover would use the tax matter as a rationalization to fire her.

28. Ms. Brase's performance evaluation, conducted by Ms. Stover before Ms. Brase's aneurism diagnosis and resulting medical appointments, was good.

29. Near close of business on July 8, 2013, Ms. Stover called Ms. Brase into her office and said she was going to "sever" their relationship because of Ms. Brase's lack of attention to detail.

30. Ms. Stover terminated Ms. Brase, claiming inattention to detail, despite knowing that the tax payment had been listed as coming from escrow in advance of the tax payment date, and despite knowing that Ms. Brase had asked for guidance with no response from Ms. Stover.

31. Defendants terminated Ms. Brase's employment for illegal and discriminatory reasons and used the tax matter as a pretext for the termination.

## COUNT 1
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## WRONGFUL TERMINATION, RETALIATION

32. Plaintiff incorporates by reference and realleges the preceding paragraphs herein as

though fully set out.

33. At all times material hereto, Plaintiff was an individual with a "disability" within the meaning of the ADA in that she had physical and/or mental impairments that limited one or more of her major life activities, had a record of such impairment, or was perceived and regarded by Defendants as having such impairment.

34. Plaintiff was a "qualified individual" as that term is defined by the ADA. At all times material hereto, Plaintiff was an individual with a disability who, with or without reasonable accommodations, could perform the essential functions of her job with Defendants.

35. Defendants fired Plaintiff upon learning she had a disability because she has a disability.

36. Plaintiff's requests for time off to attend medical appointments, which were of minimal duration, were related to her disability and were requests for a reasonable accommodation.

37. Defendants terminated Plaintiff in retaliation for her exercising her rights under the ADA when she requested an accommodation for her disability.

38. Defendants' termination of Plaintiff upon learning she had a disability and retaliation against Plaintiff constitutes discrimination against her with respect to the terms, conditions, and privileges of employment in violation of the ADA.

39. Defendants acted with malice and/or with reckless indifference to Ms. Brase's federally-protected rights to be free from unlawful discrimination, and Ms. Brase is entitled to punitive damages.

40. As a consequence of Defendants' intentional discrimination, Ms. Brase has suffered, continues to suffer, and will in the future suffer emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, and loss of enjoyment of life.

41. As a consequence of Defendants' actions, Ms. Brase has lost wages and other financial incidents and benefits of employment.

42. As a consequence of the acts and omission of Defendants, Ms. Brase has incurred and will continue to incur attorneys' fees, costs, and expenses.

**COUNT II**
**VIOLATION OF FAMILY AND MEDICAL LEAVE ACT**
**INTERFERENCE AND RETALIATION**

43. Plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out.

44. At all relevant times, Defendants employed more than 50 persons within a 75 mile radius of Ms. Brase's place of employment and were aware of their obligations under the Family and Medical Leave Act.

45. Among other things, the FMLA requires employers to provide up to 12 weeks of unpaid leave to employees who are out due to a serious health condition that makes the employee unable to perform the functions of her position. 29 U.S.C. § 2612(1)(a). Further, the FMLA provides it is unlawful for an employer to interfere with, retaliate against, restrain, or deny the exercise of or the attempt to exercise, rights provided under the FMLA. 29 U.S.C. § 2615. FMLA also provides that upon the taking of FMLA leave the employee shall be restored to her position or a like position and the taking of such leave shall not result in loss of any employment

benefit accrued prior to the date on which the leave commenced. 29 U.S.C. § 2614.

46. Defendants terminated Plaintiff's employment and otherwise deprived her of employment benefits in retaliation for her exercising her right to take protected leave under the FMLA.

47. Defendants terminated Plaintiff's employment in order to interfere with her right to take protected leave under the FMLA.

48. As a consequence of Defendants' intentional discrimination, Ms. Brase has suffered, continues to suffer, and will in the future suffer emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, and loss of enjoyment of life.

49. As a consequence of Defendants' actions, Ms. Brase has lost wages and other financial incidents and benefits of employment.

50. As a consequence of the acts and omission of Defendants, Ms. Brase has incurred and will continue to incur attorneys' fees, costs and expenses.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Marirose Brase demands judgment against the Defendants, Drucker & Falk, LLC and Drucker and Falk, Inc., jointly and severally, for violations of the Americans with Disabilities Act as follows:

A. Declaring that the acts and practices complained of herein are in violation of Ms. Brase's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.;*

B. Requiring Defendants to place Ms. Brase in a position of equal duties and responsibilities, with equal pay and benefits, as Ms. Brase would have received but for the

discriminatory conduct under the Americans with Disabilities Act, or in the alternative for an award of front pay;

C. Enjoining Defendants permanently from continuing or maintaining a policy, practice of custom of denying, abridging, withholding or conditioning the rights of employees on the basis of disability, which rights are secured by the Americans with Disabilities Act;

D. Awarding Ms. Brase back pay, prejudgment interest and appropriate recovery for lost employment benefits, and other affirmative relief as may be appropriate, and for all other wages and benefits lost or denied;

E. Awarding Ms. Brase compensatory damages under the Americans with Disabilities Act in an amount to be determined by the jury at trial;

F. Awarding Ms. Brase punitive damages under the Americans with Disabilities Act, as amended, in an amount to be determined by the jury at trial;

G. Awarding Ms. Brase her attorneys' fees and costs incurred in this action, together with expert witness fees and expenses; plus

H. Such additional legal and equitable relief as the Court deems appropriate.

Plaintiff Marirose Brase demands judgment against the Defendant, Drucker & Falk, LLC and Drucker and Falk, Inc., jointly and severally, for violations of the Family and Medical Leave Act as follows:

I. Declaring that the acts and practices complained of herein are in violation of Ms. Brase's rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

J. Requiring Defendants to place Ms. Brase in a position of equal duties and responsibilities, with equal pay and benefits, as Ms. Brase would have received but for the

discriminatory conduct under the Family and Medical Leave Act, or in the alternative for an award of front pay;

K. Enjoining Defendants permanently from continuing or maintaining a policy, practice of custom of denying, abridging, withholding or conditioning the rights of employees on the basis of disability, which rights are secured by the Family and Medical Leave Act;

L. Awarding Ms. Brase back pay, prejudgment interest and appropriate recovery for lost employment benefits, and other affirmative relief as may be appropriate, and for all other wages and benefits lost or denied;

M. Awarding Ms. Brase liquidated damages provided by law;

N. Awarding Ms. Brase her attorneys' fees and costs incurred in this action, together with expert witness fees and expenses; plus

O. Such additional legal and equitable relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby respectfully demands a trial by jury in this action.

Plaintiff,
MARIROSE BRASE

Date: Sept. 22, 2015

By: ______________________
Attorney for Plaintiff

Erika L. Winter
VSB No. 43311
Attorney for Plaintiff Marirose Brase
Erika L. Winter, Attorney at Law, P.L.C.
1769 Jamestown Road, Suite 120
Williamsburg, VA 23185
Telephone: (757) 229-5100
Facsimile: (757) 345-3856
ewinter.law@verizon.net